```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| WILLIE E. HATCH,<br><br>         Petitioner,<br><br>     v.<br><br>SUPERIOR COURT OF NEW JERSEY,<br>et al.,<br><br>         Respondents. | HONORABLE JEROME B. SIMANDLE<br><br>  Civil Action<br>No. 15-2514 (JBS)<br><br><br>**OPINION** |

APPEARANCES:

WILLIE E. HATCH, Petitioner pro se
#553234
East Jersey State Prison
P.O. Box 861
Rahway, New Jersey 07065

**SIMANDLE, Chief Judge[1]:**

## I.   INTRODUCTION

Before the Court is Petitioner Willie E. Hatch's ("Petitioner") amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 6). Petitioner challenges his twenty-year sentence with an eighty-five percent period of parole ineligibility. Upon initial review of this petition, the Honorable Renée Marie Bumb noted that on its face, it appeared the petition was untimely under the limitations period of 28 U.S.C. § 2244. Judge Bumb invited Petitioner to

---

[1] This case was transferred to the undersigned on August 4, 2015 [Docket Item 8].

address this issue, (Docket Entry 3), to which Petitioner responded, (Docket Entries 6 and 7). For the reasons stated herein, the Court will dismiss the petition as time-barred, and no certificate of appealability will issue.

## II.  BACKGROUND

In 2005, Petitioner was tried before a jury and was convicted of first-degree aggravated sexual assault, N.J. STAT. ANN. § 2C:14-2(a); second-degree sexual assault, N.J. STAT. ANN. § 2C:14-2(c); and second-degree child endangerment, N.J. STAT. ANN. § 2C:24-4(a). *State v. W.H.*, No. A-0948-11, 2012 WL 6698694, at *1 (N.J. Super. Ct. App. Div. Dec. 27, 2012).[2] Petitioner filed a direct appeal. The New Jersey Superior Court Appellate Division affirmed his convictions, *State v. W.H.*, No. A-6478-05, 2008 WL 2596116 (N.J. Super. Ct. App. Div. July 2, 2008), and the New Jersey Supreme Court denied certification on January 20, 2009, *State v. W.H.*, 963 A.2d 845 (N.J. 2009).

Petitioner filed a timely petition for post-conviction relief ("PCR") in the state courts. The PCR court denied the petition without an evidentiary hearing on March 7, 2011, and the Appellate Division affirmed that court's judgment. *W.H.*,

---

[2] "[A] court may take judicial notice of a prior judicial opinion." *McTernan v. City of York*, 577 F.3d 521, 525 (3d Cir. 2009). *See also* 28 U.S.C. § 2254 Rule 4(b) (permitting examination of "the record of prior proceedings" in the court's initial review).

*supra*, No. A-0948-11. The New Jersey Supreme Court denied certification on June 28, 2013. *State v. W.H.*, 67 A.3d 1192 (N.J. 2013).

Petitioner handed his § 2254 petition to prison officials for mailing on March 14, 2015. (Docket Entry 1 at 16). By Order dated May 11, 2015, Judge Bumb administratively terminated the petition for failure to pay the filing fee or submit a complete application to proceed *in forma pauperis*. (Docket Entry 3). Judge Bumb also ordered Petitioner to submit a written statement "asserting any basis upon which the statute of limitations may properly be tolled or any facts establishing that the statute of limitations did not expire on or before June 29, 2014[.]" (Docket Entry 3 at 2).

Petitioner submitted an *in forma pauperis* application on June 3, 2015, but no written statement. (Docket Entry 4). Judge Bumb granted Petitioner's *in forma pauperis* application, but administratively terminated the petition again as Petitioner had not complied with the order to submit a written statement regarding the statute of limitations. (Docket Entry 5). Petitioner was "given one last opportunity to reopen this matter by timely filing such a written statement." (Docket Entry 5 at 2). Petitioner submitted an amended petition on July 15, 2015.

3

(Docket Entry 6).[3] On August 4, 2015, the case was reassigned to this Court. (Docket Entry 8).

**III. STANDARD OF REVIEW**

Petitioner brings this petition for a writ of habeas corpus as a pro se litigant. A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998); *Lewis v. Attorney General*, 878 F.2d 714, 721-22 (3d Cir. 1989); *United States v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969), *cert. denied*, 399 U.S. 912 (1970).

A federal district court must dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4; *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985), *cert. denied*, 490 U.S. 1025 (1989).

---

[3] Judge Bumb gave Petitioner thirty (30) days to submit his statement. The amended petition and attachments were received three days after the deadline; however, as the amended petition was handed to prison officials on July 5, 2015, (Docket Entry 6 at 10), the Court considers his amended petition to be timely filed.

4

**IV. DISCUSSION**

Petitioner's habeas petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA imposes a one-year period of limitation on a petitioner seeking to challenge his state conviction and sentence through a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1).

Under § 2244(d)(1), the limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner's direct appeal concluded on January 20, 2009. *State v. W.H.*, 963 A.2d 845 (N.J. 2009). Petitioner's conviction became "final" for habeas purposes upon the expiration of the ninety (90) day period in which he could have sought a writ of

5

certiorari from the United States Supreme Court, April 20, 2009. AEDPA also provides, however, that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." 28 U.S.C. § 2244(d)(2). The one-year limitations period was tolled during the pendency of his PCR petition,[4] and the statute of limitations began running again the day after the New Jersey Supreme Court denied certification on Petitioner's PCR appeal, June 29, 2013. *State v. W.H.*, 67 A.3d 1192 (N.J. 2013). As noted by Judge Bumb, AEDPA's statute of limitations would expire on June 29, 2014, in the absence of any further tolling.

Petitioner's amended petition states a second PCR petition was filed on October 23, 2013, and dismissed on February 26, 2014. (Docket Entry 6 at 4). Assuming without deciding that Petitioner's second PCR petition was considered "properly filed" by the state courts, AEDPA's statute of limitations would have been tolled during that time period. 28 U.S.C. § 2244(d)(2)., At

---

[4] The Appellate Division indicated that Petitioner filed his PCR application on August 20, 2008. *State v. W.H.*, No. A-0948-11, 2012 WL 6698694, at *1 (N.J. Super. Ct. App. Div. Dec. 27, 2012). As the PCR petition was filed before the New Jersey Supreme Court denied certification in Petitioner's direct appeal, the entire time between January 20, 2009 and June 28, 2013 was tolled. 28 U.S.C. § 2244(d)(2).

6

the time of the filing of his second PCR petition, Petitioner had 248 days left in the 365-day limitations period as 117 days elapsed between June 29 and October 23, 2013. Petitioner's PCR petition continued to be "pending" within the meaning of AEDPA until the expiration of the forty-five-day period in which he could have timely sought review by the Appellate Division,[5] April 14, 2014. *Swartz v. Meyers*, 204 F.3d 417 (3d Cir. 2000) ("[F]or purposes of § 2244(d)(2) 'pending' includes the time for seeking discretionary review, whether or not discretionary review is sought."); N.J. Ct. R. 2:4-1(a). Petitioner therefore had until December 18, 2014, to file a timely § 2254 petition. As he did not submit his petition until March 2015, the petition must be dismissed as untimely unless there is a basis for the application of equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010) (holding § 2244(d) is subject to equitable tolling in appropriate cases).

"There are no bright lines in determining whether equitable tolling is warranted in a given case. Rather, the particular circumstances of each petitioner must be taken into account."

---

[5] Petitioner does not indicate whether February 26, 2014 was the date the PCR court dismissed his petition, when the Appellate Division denied his appeal, or when the New Jersey Supreme Court denied certification. (Docket Entry 6 at 4). The Court infers this is the date the PCR court denied his petition as Petitioner does not indicate he appealed the February 26, 2014 order, and there is no record of a New Jersey Supreme Court order denying certification after its June 28, 2013 order.

*Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). In analyzing whether the circumstances faced by Petitioner were extraordinary, "'the proper inquiry is *not how unusual the circumstance* alleged to warrant tolling is among the universe of prisoners, . . . *but rather how severe an obstacle it is for the prisoner* endeavoring to comply with AEDPA's limitations period.'" *Ross v. Varano*, 712 F.3d 784, 802-03 (3d Cir. 2013) (quoting *Pabon*, 654 F.3d at 400) (emphasis in original). There must also be a "causal connection, or nexus, between the extraordinary circumstances he faced and the petitioner's failure to file a timely federal petition." *Ibid.*

In response to the order directing him to show cause as to why his petition should not be dismissed as untimely, Petitioner asserts he could not file a timely habeas petition as he was placed into administrative segregation for 280 days and he "had no way of knowing time sequences [sic] of filing appeals." (Docket Entry 6 at 23). The documents submitted by Petitioner indicate a disciplinary hearing occurred on April 17, 2013, at which time Petitioner was found guilty of prohibited act *.004, fighting with another person. (Docket Entry 6 at 24); N.J. ADMIN.

CODE 10A:4-4.1(a). Petitioner's 280-day placement into administrative segregation would have ended January 22, 2014, before the termination of his second PCR on February 26, 2014. (Docket Entry 6 at 4). Based on the dates provided by Petitioner, he would have been out of administrative segregation approximately eleven months before his § 2254 petition was due in this Court on December 18, 2014. Petitioner's time in administrative segregation, though lengthy, did not prevent the filing of a timely § 2254 petition as his segregation had concluded almost eleven months before the statute of limitations expired. Moreover, ignorance of the law or miscalculation of the statute of limitations do not constitute extraordinary circumstances warranting equitable tolling[6]. *See Johnson v. Hendricks*, 314 F.3d 159, 163 (3d Cir. 2002), *cert. denied*, 538 U.S. 1022 (2003); *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001); *Sch. Dist. of City of Allentown v. Marshall*, 657 F.2d 16, 21 (3d Cir. 1981) ("[I]gnorance of the law is not enough to invoke equitable tolling."). Petitioner has not established that any extraordinary circumstance prevented him from filing a timely habeas petition. Therefore, he is not entitled to

---

[6] Even if, for the same of argument, Petitioner mistakenly believed he still had one year to file his § 2254 petition after the February 26, 2014 termination of his second PCR petition, his present § 2254 petition was still filed out of time on March 14, 2015, when he handed it to prison officials for mailing.

9

equitable tolling of the statute of limitations. The petition must therefore be dismissed as untimely.

AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The United States Supreme Court held in *Slack v. McDaniel* that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." 529 U.S. 473, 484 (2000). This Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the petition as untimely is correct.

## V. CONCLUSION

For the reasons state above, the habeas petition is dismissed as untimely under 28 U.S.C. § 2244. No certificate of

appealability shall issue. An accompanying Order will be entered.

| | |
|---|---|
| **January 25, 2016** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE |
| | Chief U.S. District Judge |