IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIE E. HATCH,<br><br>    Petitioner,<br><br>    v.<br><br>SUPERIOR COURT OF NEW JERSEY, et al.,<br><br>    Respondents. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 15-2514 (JBS)<br><br>**OPINION** |

APPEARANCES:

WILLIE E. HATCH, Petitioner pro se
#553234
East Jersey State Prison
P.O. Box 861
Rahway, New Jersey 07065

**SIMANDLE, Chief Judge:**

**I.   INTRODUCTION**

Petitioner Willie Hatch seeks reconsideration of an order dismissing his amended 28 U.S.C. § 2254 petition as time-barred. For the reasons set forth below, the Court will deny the motion.

**II.  BACKGROUND**

In 2005, Petitioner was tried before a jury and was convicted of first-degree aggravated sexual assault, N.J. Stat. Ann. § 2C:14-2(a); second-degree sexual assault, N.J. Stat. Ann. § 2C:14-2(c); and second-degree child endangerment, N.J. Stat. Ann. § 2C:24-4(a), for acts committed against his fourteen-year-old stepson. *State v. W.H.*, No. A-0948-11, 2012 WL 6698694, at *1

(N.J. Super. Ct. App. Div. Dec. 27, 2012). The New Jersey Superior Court Appellate Division affirmed his convictions, *State v. W.H.*, No. A-6478-05, 2008 WL 2596116 (N.J. Super. Ct. App. Div. July 2, 2008), and the New Jersey Supreme Court denied certification on January 20, 2009, *State v. W.H.*, 963 A.2d 845 (N.J. 2009).

Petitioner filed a timely petition for post-conviction relief ("PCR") in the state courts. The PCR court denied the petition without an evidentiary hearing on March 7, 2011, and the Appellate Division affirmed that court's judgment. *W.H.*, *supra*, No. A-0948-11. The New Jersey Supreme Court denied certification on June 28, 2013. *State v. W.H.*, 67 A.3d 1192 (N.J. 2013).

Petitioner handed his § 2254 petition to prison officials for mailing on March 14, 2015. (Petition, Docket Entry 1 at 16). Upon initial review of this petition, the Honorable Renée Marie Bumb, D.N.J.,[1] noted that on its face, it appeared the petition was untimely under the limitations period of 28 U.S.C. § 2244. Judge Bumb ordered Petitioner to submit a written statement "asserting any basis upon which the statute of limitations may properly be tolled or any facts establishing that the statute of limitations did not expire on or before June 29, 2014[.]" (May

---

[1] This matter was reassigned to the undersigned on August 4, 2015.

11, 2015 Order, Docket Entry 3 at 2). Petitioner did not comply with the order, and on June 12, 2015, Judge Bumb administratively terminated the proceedings in order to give Petitioner one final chance to submit a written statement on timeliness. (June 12, 2015 Order, Docket Entry 5).

Petitioner submitted an amended petition on July 15, 2015. (Amended Petition, Docket Entry 6). He argued he could not file a timely habeas petition because he was placed into administrative segregation for 280 days and he "had no way of knowing time sequences [sic] of filing appeals." (Id. at 23). After reviewing the documents provided by Petitioner in light of the applicable law, this Court determined the petition was time-barred and that the facts did not warrant the application of equitable tolling. The Court therefore dismissed the petition as untimely under 28 U.S.C. § 2244(d)(1). (January 26, 2016 Order, Docket Entry 12).

On February 5, 2016, the Court received a letter from Petitioner objecting to the application of the statute of limitations. (Motion, Docket Entry 13). On March 7, 2016, the Court ordered the letter to be designated as a motion for reconsideration and the case to be reopened for review of the motion. (Docket Entry 14). The Court subsequently received two letters from Petitioner dated March 12 and 11, 2016. (Docket Entries 15 and 16).

**III. STANDARD OF REVIEW**

Local Civil Rule 7.1 allows a party to seek a motion for reargument or reconsideration of "matter[s] or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked . . . ." Local Civ. R. 7.1(i). Whether to grant a motion for reconsideration is a matter within the Court's discretion, but it should only be granted where such facts or legal authority were indeed presented but overlooked. *See DeLong v. Raymond Int'l Inc.*, 622 F.2d 1135, 1140 (3d Cir. 1980), *overruled on other grounds by Croker v. Boeing Co.*, 662 F.2d 975 (3d Cir. 1981); *see also Williams v. Sullivan*, 818 F. Supp. 92, 93 (D.N.J. 1993).

To prevail on a motion for reconsideration, the movant must show:

> (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court ... [rendered the judgment in question]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.

*U.S. ex rel. Shumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 848-49 (3d Cir. 2014) (citing *Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). The standard of review involved in a motion for reconsideration is high and relief is to be granted sparingly. *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994).

**IV. DISCUSSION**

In the letter objecting to the dismissal of his petition, Petitioner argues "[t]he law clearly states that the innocent shall not languish in prison. This thereby outweighing any limitations of a timebar. . . . A timebar is and has been unconstitutional for a long time now." (Motion at 1). The Court interprets this as an argument for the application of the actual innocence exception to the statute of limitations.

In *McQuiggin v. Perkins*, the Supreme Court held that a claim of actual innocence can overcome ADEPA's statute of limitations in order to prevent a miscarriage of justice. 133 S. Ct. 1924, 1931 (2013); *see also Burton v. Horn*, 617 F. App'x 196, 197 (3d Cir. 2015) (noting "§ 2244(d)'s timeliness requirements do not bar a claim where a petitioner makes a convincing actual-innocence claim" (internal quotation marks omitted)). The Supreme Court limited its application to "a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 133 S. Ct. at 1933 (alteration in original) (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). This standard is "demanding," and only overcomes the statute of limitations where "a petition presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that

5

the trial was free of nonharmless constitutional error." *Id.* at 1936. Furthermore, "actual innocence means factual innocence, not mere legal insufficiency." *Sistrunk v. Rozum*, 674 F.3d 181, 191 (3d Cir. 2012).

Petitioner has not identified any new evidence that would support his claim of actual innocence or cast doubt on the validity of the jury's guilty verdict. Indeed, a letter from the Office of the Public Defender that was submitted with the amended petition indicates the evidence against Petitioner at trial was "significant." (Amended Petition at 19). The evidence that Petitioner argues was wrongfully withheld from the jury, that his stepson is gay and "show[ed] compulsive sexual misbehavior," (March 12, 2016 Letter, Docket Entry 15 at 1), does not meet the "supremely high bar" set forth by the Supreme Court in *Schlup* and *McQuiggin*. *Sistrunk*, 674 F.3d at 192. Petitioner is not entitled to the actual innocence exception to the statute of limitations. His petition is time-barred, and the motion for reconsideration is denied on this basis.

Although the Court denies the motion based on the inapplicability of the actual innocence exception, it notes that in one of Petitioner's letters to this Court he indicates he has a learning disability and suffers from what he terms Developmentally Delayed Syndrome. (March 12, 2016 Letter, Docket Entry 15 at 1). Petitioner did not raise this argument prior to

6

the entry of judgment; therefore, it is not a proper argument in a motion for reconsideration. *Mauro v. N.J. Supreme Court*, 238 F. App'x 791, 793 (3d Cir. 2007) ("[Motions for reconsideration] may not be used to re-litigate old matters or raise arguments that could have been raised prior to judgment."); *Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001) (noting motions for reconsideration "are *not* an opportunity to argue what could have been, but was not, argued in the original set of moving and responsive papers" (emphasis in original)). Petitioner cursorily states his condition "causes [him] to take a bit more time to problem solve" and makes references as to how it caused problems at trial. (March 12, 2016 Letter at 1). He does not claim it impacted his ability to file a timely habeas petition, however. (Id.). Thus even if this argument were properly before the Court at this time, it would not warrant reconsideration of the dismissal as Petitioner does not argue it prevented him from filing his § 2254 petition on time.

    Petitioner has not demonstrated actual innocence as defined by *Schlup* and *McQuiggin*, nor has he provided the Court with any other evidence warranting reconsideration of its prior order. The motion is denied.

7

**V. CONCLUSION**

    For the reasons stated above, Petitioner's motion for reconsideration is denied. An accompanying Order will be entered.

| | |
|---|---|
| **March 23, 2016** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE<br>Chief U.S. District Judge |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIE E. HATCH,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>SUPERIOR COURT OF NEW JERSEY,<br>et al.,<br><br>　　　　Respondents. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 15-2514 (JBS)<br><br>**ORDER** |

　　This matter having come before the Court on Petitioner Willie E. Hatch's Motion for Reconsideration (Docket Entry 13); the Court having considered the submissions of the Petitioner; for the reasons explained in the Opinion of today's date; and for good cause shown;

　　IT IS this __**23rd**__ day of __**March**__, **2016,** hereby

　　**ORDERED** that Petitioner's Motion for Reconsideration (Docket Entry 13) is DENIED; and it is finally

　　**ORDERED** that the Clerk of the Court shall serve a copy of this Opinion and Order upon Petitioner by regular mail and mark this matter **CLOSED.**

　　　　　　　　　　　　　　　　　　　__s/ Jerome B. Simandle__
　　　　　　　　　　　　　　　　　　　JEROME B. SIMANDLE
　　　　　　　　　　　　　　　　　　　Chief U.S. District Judge