IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIE E. HATCH,<br><br>    Petitioner,<br><br>v.<br><br>NEW JERSEY SUPERIOR COURT, et al.,<br><br>    Respondents. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 15-2514 (JBS)<br><br>[Relates to:<br>Appeal No. 17-1338 (3d Cir.)]<br><br>**OPINION** |

APPEARANCES:

Willie E. Hatch, Petitioner pro se
408547/48971B
East Jersey State Prison
Lock Bag R
Rahway, New Jersey 07065

**SIMANDLE, Chief Judge:**

I.    **INTRODUCTION**

    This Court dismissed Petitioner Willie E. Hatch's amended 28 U.S.C. § 2254 petition for a writ of habeas corpus as time-barred on January 25, 2016. Dismissal Opinion and Order [Docket Entries 11-12]. He filed a motion for reconsideration, which the Court denied on March 23, 2016. Opinion and Order Denying Reconsideration [Docket Entries 18-19].

    Before the Court now is Petitioner's motion to file an out of time notice of appeal. Motion [Docket Entry 25]. For the reasons stated herein, the motion is denied.

## II. BACKGROUND

Petitioner was tried before a jury and was convicted of first-degree aggravated sexual assault, N.J. STAT. ANN. § 2C:14-2(a); second-degree sexual assault, N.J. STAT. ANN. § 2C:14-2(c); and second-degree child endangerment, N.J. STAT. ANN. § 2C:24-4(a), for acts committed against his fourteen-year-old stepson. *See State v. W.H.*, No. A-0948-11, 2012 WL 6698694, at *1 (N.J. Super. Ct. App. Div. Dec. 27, 2012). His direct appeal concluded when the New Jersey Supreme Court denied certification on January 20, 2009. *State v. W.H.*, 963 A.2d 845 (N.J. 2009).

Petitioner filed a timely petition for post-conviction relief ("PCR") in the state courts. The PCR court denied the petition without an evidentiary hearing on March 7, 2011, and the Appellate Division affirmed that court's judgment. *W.H.*, *supra*, No. A-0948-11. The New Jersey Supreme Court denied certification on June 28, 2013. *State v. W.H.*, 67 A.3d 1192 (N.J. 2013). More than 20 months after exhaustion of his State PCR remedies, Petitioner handed his § 2254 petition to prison officials for mailing on March 14, 2015. Petition [Docket Entry 1 at 16].

Upon initial review of this petition, the Honorable Renée Marie Bumb, U.S.D.J.,[1] noted that on its face, it appeared the

---

[1] This matter was reassigned to the undersigned on August 4, 2015.

2

petition was untimely under the limitations period of 28 U.S.C. § 2244. Judge Bumb ordered Petitioner to submit a written statement "asserting any basis upon which the statute of limitations may properly be tolled or any facts establishing that the statute of limitations did not expire on or before June 29, 2014[.]" May 11, 2015 Order [Docket Entry 3 at 2]. Petitioner did not comply with the order, and on June 12, 2015, Judge Bumb administratively terminated the proceedings in order to give Petitioner one final chance to submit a written statement on timeliness. June 12, 2015 Order, Docket Entry 5.

Petitioner submitted an amended petition on July 15, 2015 arguing he could not file a timely habeas petition because he was placed into administrative segregation for 280 days and he "had no way of knowing time sequences [sic] of filing appeals." Amended Petition at 23. After reviewing the documents provided by Petitioner in light of the applicable law, this Court determined the petition was time-barred and that the facts did not warrant the application of equitable tolling. The Court therefore dismissed the petition as untimely under 28 U.S.C. § 2244(d)(1). Dismissal Opinion and Order filed January 26, 2016 [Docket Entries 11 & 12].

On February 5, 2016, the Court received a letter from Petitioner objecting to the application of the statute of limitations. February 5 Letter [Docket Entry 13]. On March 7,

2016, the Court ordered the letter to be designated as a motion for reconsideration and the case to be reopened for review of the motion. [Docket Entry 14]. The Court subsequently received two letters from Petitioner with attempted explanations as to why his § 2254 petition was filed late. March 12 and 11, 2016 Letters [Docket Entries 15 and 16]. The Court denied the motion for reconsideration on March 23, 2016. [Docket Entries 18 & 19]. More than ten months elapsed until February 10, 2017 when Petitioner filed a notice of appeal [Docket Entry 22]. The appeal was docketed as *Hatch v. New Jersey Superior Court*, No. 17-1338 (3d Cir. filed Feb. 14, 2017) [Docket Entry 23].

On March 27, 2017, the Third Circuit transferred Petitioner's motion to file an out of time notice of appeal to this Court, and the Court reopened the matter for consideration of the motion [Docket Entries 24 & 25]. Petitioner states he is "a layman in the law and [has] absolutely no familiarity with the Rules of Court and any procedure associated with appealing the denial of [his] 28 U.S.C. Sec. 2254 petition." Motion ¶ 2. He argues "[t]he district court erred in denying [his] habeas petition and deeming it untimely. It failed to consider equitable [sic] tolling principles." *Id.* ¶ 4.

**III. DISCUSSION**

"[T]he taking of an appeal within the prescribed time is mandatory and jurisdictional." *Bowles v. Russell*, 551 U.S. 205,

4

209 (2007) (internal citation and quotation marks omitted). Petitioner was required to file a notice of appeal within 30 days after this Court denied the motion to reconsideration on March 23, 2016, *i.e.*, by April 22, 2016. Fed. R. App. P. 4(a)(1)(A). Petitioner filed his notice of appeal on February 10, 2017, ten months after the last day on which Petitioner could have filed a timely appeal.

This Court may extend the time to appeal if Petitioner can show good cause or excusable neglect for failing to file a timely appeal. However, the Court may only do so if the motion is made no later than 30 days after the normal appeal period. Fed. R. App. P. 4(a)(5)(A). Here, Petitioner did not file this motion within the additional 30-day period that expired May 22, 2016. This Court therefore lacks the authority to extend the time to appeal under Rule 4(a)(5).

This Court also cannot reopen the time to appeal under Rule 4(a)(6). Under that provision, the Court may reopen the time to appeal for 14 days if no party would be prejudiced, the motion to reopen is filed "within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier," and the Court "finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to

be appealed within 21 days after entry." Fed. R. App. P. 4(a)(6)(A)-(C).

The instant motion was filed more than 180 days after the motion for reconsideration was denied. Petitioner also does not certify in his motion that he did not receive notice of the denial of the motion for reconsideration within 21 days after its entry.[2] Instead, he merely asserts he was not familiar with the appellate process. Motion ¶ 2. Congress specifically limited district courts' ability to reopen the time for appeals, 28 U.S.C. § 2107(c), and Petitioner has not met the requirements of that statute. The Court therefore lacks jurisdiction to reopen the time for appeal, and Petitioner's motion is denied.

---

[2] Because of the passage of more than 180 days after entry of the Order Denying Reconsideration (entered Mar. 24, 2016) and prior to Petitioner filing his Notice of Appeal on February 10, 2017, the date of Petitioner's receipt of the order Denying Reconsideration does not matter for purposes of Fed. R. App. P. 4(a)(6). The Order Denying Reconsideration directed the Clerk of Court to "serve a copy of this Opinion and Order upon Petitioner by ordinary mail" (Docket Entry 19 at p.2), which was done according to the docket's internal receipt noting Petitioner's name and mailing address for service of the Opinion and Order. Furthermore, Petitioner composed a strenuous letter to the Court dated March 29, 2016 [Docket Entry 20, filed Apr. 11, 2016], criticizing the Court for "constru[ing] a judgment for a convenient denial" and for not convening an evidentiary hearing [Docket Item 20 at p.1], suggesting Petitioner had received the mailing of the March 24, 2016 Opinion and Order Denying Reconsideration and was reacting to it.

**IV. CONCLUSION**

For the reasons stated above, Petitioner's motion to reopen the time to appeal is denied. An accompanying Order will be entered.


**May 1, 2017**                                                **s/ Jerome B. Simandle**
Date                                                           JEROME B. SIMANDLE
                                                                 Chief U.S. District Judge